HOLMES, Judge.
This is a termination of parental rights case.
Following ore tenus proceedings, the trial court ordered the termination of all parental rights of the parents in the minor child, who was approximately one year old at the time of trial. Permanent legal custo *418 dy of the child was vested in the Alabama Department of Human Resources (Department). The Department was also given the authority to place the child for adoption.
Only the mother appeals. We affirm.
The dispositive issue on appeal is whether there exists clear and convincing evidence which supports the trial court’s decision to terminate the mother’s parental rights based upon its determination that the child is dependent and that no less drastic alternative would best serve the child’s interests. Wallace v. Jefferson County Department of Pensions & Security, 501 So.2d 473 (Ala.Civ.App.1986).
Because the evidence was presented to the trial court ore tenus, its judgment is presumed to be correct and will not be set aside on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. Wallace, 501 So.2d 473; Fitzgerald v. Fitzgerald, 490 So.2d 4 (Ala.Civ.App.1986).
Applying this standard to the case now before us, we cannot say that the trial court’s judgment is plainly and palpably wrong. There is clear and convincing evidence that supports the trial court’s decision to terminate the mother’s parental rights.
The record reflects, in pertinent part, that the mother has an extensive history of chronic emotional and mental problems. Medical testimony revealed that the mother’s condition could be controlled by medication. However, the record also shows that the mother has a long history of noncompliance with treatment.
Dr. Benjamin Blassingille, who had treated the mother for over a year, testified that the mother had been diagnosed as suffering from schizoaffective disorder and multiple substance abuse. He stated that her condition can be controlled with adequate chemotherapy and that she would probably require chemotherapy the rest of her life.
Dr. Blassingille indicated that the mother would be able to care for a child if she complied with her treatment one hundred percent, but that, if she did not completely comply, “it would be quite a problem for her to care for a child.” In fact, the doctor’s testimony on redirect was in effect that the mother could harm a child if she was experiencing an emotional episode she could not control.
In addition to Dr. Blassingille’s testimony, there was testimony from two employees of the Department who had attempted to work with the mother. Their testimony supports the trial court’s determination that the mother was unable to discharge her responsibilities as a parent. In particular, we note the testimony that the mother made frequent moves from one residence to another and that she had unhealthy relationships with men, a situation which, in the opinion of one Department employee, the mother had not improved.
We find that all of the above-recited evidence clearly and convincingly supports the trial court’s decision to terminate the mother’s parental rights.
The mother contends, however, that a less drastic alternative than terminating her parental rights was available and that the trial court, therefore, erred in terminating her rights. She contends that her child’s best interests would be served by placing the child in her physical custody while under the supervision of the Department which would retain temporary legal custody.
We disagree. As already noted, the evidence revealed a history of noncompliance by the mother with regard to the treatment of her mental disorder, as well as a failure to some extent to improve her unhealthy and unstable lifestyle. In light of such evidence, the trial court was justified in concluding that monitored placement of the child with the mother was not a viable alternative or in the child’s best interests. See Fitzgerald, 490 So.2d 4.
We would also note that the evidence indicated that the Department investigated the possibility of placing the child with relatives of the mother, but that no relatives were willing to accept custody of the child.
In view of the above, the trial court’s determination that there was no less dras *419 tic alternative than to terminate the mother’s parental rights is supported by clear and convincing evidence.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.